IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HESHAM ISMAIL<br>72 E. Bacon Street<br>Pottsville, PA 17901<br><br>*Plaintiff,*<br><br>v.<br><br>DS SMITH PLC and DS SMITH HOLDINGS, INC.<br>t/d/b/a DS SMITH PACKAGING READING, DS SMITH READING MILL, UNITED CORSTACK, LLC and INTERSTATE RESOURCES (Successors to INTERSTATE RESOURCES)<br>7th Floor<br>350 Euston Road<br>Regent's Place<br>London, United Kingdom<br>NW1 3AX and<br><br>INTERSTATE CONTAINER READING LLC, t/d/b/a DS SMITH PACKAGING READING and INTERSTATE RESOURCES (Successor to INTERSTATE RESOURCES)<br>100 Grace Street<br>Reading, PA 19611 and<br><br>UNITED CORSTACK LLC<br>t/d/b/a DH SMITH READING MILL and INTERSTATE RESOURCES (Successor to INTERSTATE RESOURCES)<br>720 Laurel Street<br>Reading, PA 19602 and<br><br>INTERSTATE RESOURCES<br>720 Laurel Street<br>Reading, PA 19602<br><br>*Defendants.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby files the following Complaint against Defendant:

### INTRODUCTION

1. Plaintiff initiates this action to seek redress against Defendants, the successors to his former employer, for unlawful religious discrimination in violation of Title VII of the Civil Rights Act and other applicable federal and state law.

### PARTIES

2. Plaintiff is Hesham Ismail, ("Plaintiff"), an adult individual currently residing at the above address.

3. Defendants are corporations with addresses as captioned above.

4. Defendants DS Smith, PLC, DS Smith Holdings, Inc., Interstate Container Reading LLC, and United Corsack LLC are successors to Defendant Interstate Resources (Plaintiff's original employer at the time of the discriminatory actions set forth herein) and, upon information and belief, trade and conduct business as "DS Smith Packaging Reading", "DS Smith Reading Mill," and "Interstate Resources."

### SUCCESSOR LIABILITY

5. In the context of employment discrimination, the doctrine of successor liability applies where the assets of the original defendant-employer are transferred to another entity. *See Rojas v TK Communications, Inc.*, 87 F.3d 745, 750 (5th Cir. 1996).

6. The doctrine allows an aggrieved employee to enforce a claim against a successor employer to the same extent it could have been enforced against the predecessor. *See Musikiwamba v. ESSI., Inc.*, 760 F.2d 740, 750 (7th Cir. 1985).

7. The successor liability doctrine is derived from equitable principles, and fairness is the prime consideration in application of the doctrine. *See Criswell v. Delta Air Lines, Inc.*, 868 F.2d 1093, 1094 (9th Cir. 1989)(addressing successor liability under the Age Discrimination in Employment Act).

8. The policy underlying the successor liability doctrine is " . . . to protect an employee when the ownership of his employer suddenly changes." *Rojas v TK Communications, Inc.*, 87 F.3d 745, 750 (5th Cir. 1996).

9. The Third Circuit Court of Appeals specifically recognized the successor liability doctrine in *Rego v. ARC Water Treatment Co. of Pennsylvania,* 181 F.3d 396 (3d Cir. 1999), where the Court found that in employment discrimination cases, " . . . the doctrine of successor liability applies where the assets of the defendant- employer are transferred to another entity." *Id.* at 402.

10. The *Rego* Court also found that an aggrieved employee may enforce a claim or judgment against a successor that would have been valid against the predecessor. *Rego v. ARC Water Treatment Co. of Pennsylvania,* 181 F.3d 396, 401 (3d Cir. 1999).

11. The *Rego* Court found that three principal factors apply to successor liability in the employment discrimination field: (1) continuity in operations and work force of the successor and predecessor employers; (2) notice to the successor-employer of its predecessor's legal obligation; and (3) ability of the predecessor to provide adequate relief directly. *Rego v. ARC Water Treatment Co. of Pennsylvania,* 181 F.3d 396, 401 (3d Cir. 1999).

12. In the instant case, the assets of Plaintiff's original employer (Interstate Resources) were transferred to Defendants DS Smith, PLC, DS Smith Holdings, Inc., Interstate Container Reading LLC, and/or United Corsack LLC in an acquisition that was publicly announced to have

been completed as of August 25th, 2017 at a price of Nine Hundred and Twenty Million United States Dollars ($920,000,000.00).

13. Defendants DS Smith, PLC, DS Smith Holdings, Inc., Interstate Container Reading LLC, and/or United Corsack LLC have maintained continuity in operations, and continue to operate the original defendant-employer, Interstate Resources, at its original location in Reading, Pennsylvania, carrying out business activities identical to those carried out at that location by Interstate Resources before the aforesaid acquisition.

14. Upon information and belief, Defendants DS Smith, PLC, DS Smith Holdings, Inc., Interstate Container Reading LLC, and/or United Corsack LLC had notice of the predecessor employer's liability for its discrimination against Plaintiff because Plaintiff's EEOC charge was filed and pending, and, upon information and belief, had been served by the EEOC at the time of the acquisition of the predecessor-employer (and well before).

15. Defendants DS Smith, PLC, DS Smith Holdings, Inc., Interstate Container Reading LLC, and/or United Corsack LLC are financially solvent, are profitable, and can provide adequate relief to Plaintiff directly.

## JURISDICTION AND VENUE

16. At all times relevant hereto, Defendants acted by and through their agents, servants, and employees, each of whom, at all times relevant hereto, acted within the scope of his or his job duties.

17. All the Defendants named herein are "employers" within the meaning of Title VII because they are engaged in an industry affecting interstate commerce and because they maintained or maintain fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

18. All the Defendants named herein also maintain a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

19. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

20. The Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over them to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

21. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

22. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein pursuant (or later added) to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

23. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants conduct business in this judicial district (and previously conducted it under the name of Plaintiff's employer before becoming successors to same) and because a substantial part of the acts and/or omissions giving rise to the claims set

forth herein occurred in this judicial district. Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein.

## PROCEDURAL AND ADMINISTRATIVE REMEDIES

24. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

25. Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action under Title VII.

26. Plaintiff filed a timely written charge of discrimination against his former employer with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission (No. 530-2016-00829).

27. The instant action is timely because it is initiated at least ninety ("90") days after the receipt of a Right to Sue Letter by the EEOC mailed on April 17th, 2018 as required by Title VII.

28. Plaintiff has exhausted his federal and state administrative remedies as to the allegations of the instant Complaint.

## FACTUAL BACKGROUND

29. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

30. Plaintiff is a practicing Muslim.

31. Plaintiff was employed with Defendants' predecessor, Interstate Resources, as a Project Engineer from March 23, 2015 to July 18, 2015, when his employment was unlawfully terminated.

32. Plaintiff's supervisor was Chady Zablit, a general manager of Defendants or their predecessor.

33.     Zablit was and is a practicing Christian.

34.     Zablit was not aware Plaintiff was a practicing Muslim when he was hired.

35.     Shortly after Plaintiff started work, Zablit began asking him questions about his religious beliefs, including asking if Plaintiff ate pepperoni (which is made with pork and which Muslims would therefore be forbidden to eat) when the office ordered pizza. Plaintiff replied he did not.

36.     Zablit also invited Plaintiff into his office one day and began asking him questions about religion while toying with a set of rosary beads.

37.     Two weeks before his termination, Plaintiff went to his employer's Georgia facility to support a project, was questioned by two co-workers about his religion, and asked if he was a Muslim.

38.     When he responded that he was a practicing Muslim, Plaintiff was asked by the aforesaid co-workers why he "wanted to kill them".

39.     Plaintiff reported the foregoing incident to Lee Samuelson, his project supervisor. No action was taken.

40.     Plaintiff was given no reason for his June 8, 2015 termination.

## COUNT I
### Title VII Religious Discrimination and Retaliation

41.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

42.     The foregoing conduct by Defendants and/or their predecessor constitutes unlawful discrimination against the Plaintiff on the basis of religion and retaliation for his complaints of religious discrimination and harassment.

7

43. As a result of the Defendants' unlawful discrimination and/or that of their predecessor, the Plaintiff has suffered damages as set forth herein.

## COUNT II
### Pennsylvania Human Relations Act

44. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

45. The foregoing discrimination by Defendants and/or their predecessor also violates the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

46. As a result of Defendants' violations of the Pennsylvania Human Relations Act and/or those of their predecessor, Plaintiff has suffered damages as set forth herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendants and that it enter an Order as follows:

a. Defendants are to be held legally responsible for the discriminatory actions of their predecessor, Interstate Resources, and all Title VII violations by that entity.

b. Defendants are to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

c. Defendants are to be prohibited from continuing to maintain their unlawful policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

d. Defendants are to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

e. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to his by Defendants' actions as permitted by applicable law;

f. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

g. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

i. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

j. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendants do not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

k. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

l. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KOLMAN ELY, P.C.

/s/Wayne A. Ely, Esquire
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorneys for Plaintiff*

Dated: July 10th, 2018